**Affirmed and Opinion filed November 29, 2011.**



In The

# Fourteenth Court of Appeals

NO. 14-10-01269-CV

### LA MARQUE INDEPENDENT SCHOOL DISTRICT, Appellant

### V.

### HEALTHY RESOURCES ENTERPRISE, INC., Appellee

**On Appeal from the 212th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 10CV1557**

## O P I N I O N

Appellant La Marque Independent School District (La Marque ISD) appeals from an order denying its plea to the jurisdiction in this breach of contract cause arising from construction and renovation services provided by appellee Healthy Resources Enterprise, Inc. (HRE) following Hurricane Ike. In two stated issues, La Marque ISD urges that the trial court erred in finding that (1) Chapter 271 of the Texas Local Government Code waived La Marque ISD's governmental immunity from HRE's breach of contract claim, when HRE failed to identify a contract between itself and La Marque ISD that would fall within the ambit of Chapter 271's waiver of governmental immunity; or (2) La Marque

ISD waived its governmental immunity by conduct or by asserting an affirmative claim for relief. We affirm.

## BACKGROUND

This is an accelerated appeal from the trial court's denial of La Marque ISD's plea to the jurisdiction. The underlying facts are largely undisputed, and the gravamen of the dispute is whether the parties' Agreement for Professional Services and subsequent purchase orders waive La Marque ISD's immunity from this breach of contract suit pursuant to Chapter 271 of the Texas Local Government Code.

On October 7, 2008, La Marque ISD and HSE entered into an Agreement for Professional Services. The agreement arose from hurricane damage for a project described as La Marque ISD's disaster recovery efforts. The term of the agreement was October 7, 2008 to April 7, 2009. The scope of the services and expertise outlined within the agreement are, *inter alia*:

> HRE shall provide to [La Marque ISD] the deliverables related to advice, expertise, consulting, and project management; shall serve as [La Marque ISD's] representative for certain purposes and may be expressly set forth herein; and shall provide miscellaneous professional services for [La Marque ISD] in accordance with the scope of services attached hereto as and as defined in Attachment A ("Services") and the applicable phases to the extent that and for which [La Marque ISD] has provided advanced written notice to proceed by Work Order, as defined in Section 4 and further described herein, executed by both parties. . . .
>
> . . . . If at any time during the Term (as hereinafter defined) of this Agreement, [La Marque ISD] wishes for HRE to perform any additional duties outside of this Agreement, HRE may do so as part of a separate agreement with [La Marque ISD], as a Work Order, or as a written amendment to this Agreement. Additional services shall be provided in accordance with the rate schedule included as Attachment B and attached hereto.

Other relevant terms of the contract include the termination and payment provisions. The Agreement for Professional Services "may be terminated by either party with or without cause upon thirty (30) days prior written notice to the other party." Further, the

Agreement for Professional Services provides that the fees set forth in any Work Order "shall be slated in terms of a not-to-exceed amount," and "payment" is upon 10% retainage reserved by La Marque ISD.

In its brief, La Marque ISD outlines the following course of events:

> Because of the emergency nature of the work, [La Marque ISD] determined that it would engage HRE to perform the actual construction and repair work after the initial consulting and construction management work had been completed without using the normal competitive bidding process to procure such services. Instead, [La Marque ISD] engaged HRE under a series of purchase orders pursuant to [La Marque ISD's] interlocal agreement[1] with the Harris County Department of Education and HRE's job order contract with [Harris County Department of Education]. HRE submitted job order proposals to [La Marque ISD] for each construction project, which included a scope of work outlining the work to be completed by HRE and the total cost of the project. According to the details included in HRE's job order proposals, [La Marque ISD] issued a series of purchase orders for each construction project on February 13, 2009.

Ultimately unsatisfied with HRE's performance, La Marque ISD describes that it "determined that it would be in its best interest to terminate the purchase orders covering the work that remained outstanding and to offer to pay HRE for the construction and renovation work that it had completed satisfactorily." By May 2009, communications between La Marque ISD and the Harris County Department of Education show that "it is the desire of La Marque ISD to disengage with HRE as soon as possible," and "[a] review of our contract with Harris County Department of Education and with HRE shows . . . we must give them a 30 day notice."

The dispute over the construction work culminated in this suit by HRE against La Marque ISD for breach of contract, in which HRE asserts actual damages in the total amount of the purchase orders governing the construction work. La Marque ISD urges immunity from suit due to the lack of a contract "subject to" subchapter I of Texas Local

---

[1] Interlocal agreements under Section 44.031 of the Texas Education Code provide that, under certain circumstances, a contract may be "deemed" conducted under a competitive bid process even when it was not actually bid. *See* Tex. Att'y Gen. Op. No. JC-0037 (1999).

Government Code Chapter 271.

ANALYSIS

## I. Standard of Review

We review the denial of a plea to the jurisdiction *de novo*. *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). A governmental entity waives immunity from liability when it enters into a contract, but immunity from suit is not waived unless the legislature has clearly and unambiguously done so. *See Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). A plaintiff successfully invokes the trial court's subject matter jurisdiction over a claim arising out of a government entity's contractual obligations if it alleges a valid waiver of immunity from suit[2] and pleads sufficient facts demonstrating the trial court's jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Where, as here, the plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties that is necessary to resolve the jurisdictional issues. *Id.* at 227. If the evidence creates a fact question regarding jurisdiction, the trial court must deny the plea and leave its resolution to the factfinder. *Id.* at 227–28.

## II. Governmental Immunity

Section 271.152 of the Texas Local Government Code provides that "[a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to the subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). Further, the Code defines "contract subject to this subchapter" as

---

[2] La Marque ISD does not and could not challenge the sufficiency of HSE's pleading of waiver of immunity in this case: "In the fall of 2008, as a result of damage caused by Hurricane Ike to the Gulf Coast of Texas and pursuant to the contract, Defendant La Marque ISD awarded and issued a series of work orders to Plaintiff HRE for services performed on property belonging to La Marque ISD."

4

"a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id*. § 271.151(2) (West 2005).

La Marque ISD relies on three theories to urge no waiver of immunity: (1) the Agreement for Professional Services does not entail the construction work performed by HRE that forms the basis of HRE's breach of contract claim; (2) the terms of the Agreement for Professional Services were not renewed[3] to cover the construction and renovation services rendered by HRE; and (3) the Agreement for Professional Services is not a contract "subject to" the waiver provisions of Section 271.152 because it does not state the essential terms for the provision of construction and renovation services.

HRE does not contend that the scope of construction work performed is articulated in the four corners of the Agreement for Professional Services. Instead, HRE presents a straightforward argument that the February 2009 purchase orders are pursuant to the Agreement for Professional Services by which La Marque ISD unambiguously waived immunity.

Initially, we note that our sister court in Beaumont addressed a virtually identical legal question earlier this year in *ICI Construction, Inc. v. Orangefield ISD*, 339 S.W.3d 235 (Tex. App.—Beaumont 2011, no pet.). ICI performed Hurricane Rita-related repairs for Orangefield ISD pursuant to a series of purchase orders. *Id*. at 238. The trial court granted Orangefield ISD's plea to the jurisdiction, and the court of appeals affirmed. *Id*. at 236. Although the court acknowledged well-settled precedent to construe multiple documents together as a written contract,[4] ultimately the court determined that a waiver

---

[3] Under this argument, La Marque ISD suggests variously that the Agreement for Professional Services was "complete" or terminated; however, there is no evidence to suggest either. As outlined above, the contract term extends to April 7, 2009, and requires 30-days notice of termination. Neither event occurred prior to the February 2009 purchase orders.

[4] *See Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000). (holding that it is well established in Texas law that instruments pertaining to the same transaction may be read together to ascertain the parties' intent without contemporaneous execution or mention of one another); *see also City of Houston v. Williams*, —S.W.3d—, No. 09-0770, 2011 WL 923980, at *6–9 (Tex. 2011) (applying principle in context of Chapter 271 immunity issue).

of immunity could not exist because the "putative contract documents do not contain several of the terms that are essential to a court's ability to enforce OISD's obligation to pay for hurricane-related repairs." *Id.* at 239. Specifically, the court noted the absence of the basis of the agreement to pay, identification of the properties to be repaired, and the full amount to be paid. *Id.*

The agreement in this case suffers none of the aforementioned infirmities. It is undisputed that the parties entered into a contract subject to the Code; that is, the Agreement for Professional Services. It is undisputed that La Marque ISD had the authority to do so. It is undisputed that such contract extended from October 2008 until April 2009, with the scope to include "any additional duties outside of the Agreement" covered by separate agreement with La Marque ISD, a Work Order, or an amendment to the contract. It is undisputed that (1) La Marque ISD invited a proposal from HSE for additional work; (2) HSE supplied specific proposal for the additional work; and (3) La Marque ISD accepted the proposal and issued purchase orders "[a]ccording to the details included in HRE's job order proposals."

Further, undisputed evidence in this case reveals La Marque ISD purchase order terms and conditions:

- Purchase Order 20091258-0101: Scope - Highlands Elementary Fence; Price - not to exceed $6,590.22; Terms - 30 days net upon completion.

- Purchase Order 20091046: Scope - Lake Road; Price - not to exceed $466,641.50; Terms - 30 days net upon completion, monthly invoices to be paid less 10% retainage.

- Purchase Order 20091163-0302: Scope - Lake Road ECLC Fencing Repair; Price - not to exceed $10,024.56; Terms - 30 days net upon completion.

- Purchase Order 20091048: Scope - Westlawn Elementary; Price - not to exceed $227,083.69; Terms - 30 days net upon completion, monthly invoices to be paid less 10% retainage.

- Purchase Order 20091166-0502: Scope - Westlawn Electrical Repair; Price - not to exceed $16,336.32; Terms - 30 days net upon completion.

- Purchase Order 20091164-0303: Scope - Lake Road ECLC Exterior Lighting; Price - not to exceed $5,778.05; Terms - 30 days net upon completion.

6

- Purchase Order 20091047: Scope - La Marque High School; Price - not to exceed $1,018,416.62; Terms - 30 days net upon completion, monthly invoices to be paid less 10% retainage.

- Purchase Order 20091168: Scope - Etheridge Stadium Electrical Repair; Price - not to exceed $8,678.67; Terms - 30 days net upon completion.

- Purchase Order 20091167-0702: Scope - La Marque High School Electrical Repair; Price - not to exceed $25,247.04; Terms - 30 days net upon completion.

La Marque ISD issued these purchase orders during the term of the Agreement for Professional Services. The fees set forth in the purchase orders are "slated in terms of a not-to-exceed amount" as required by the Agreement for Professional services, and several of the purchase orders documented the 10% retainage terms contained in the Agreement for Professional Services. And, when La Marque ISD became dissatisfied with HRE's performance on the purchase-order work, it advised the Board of Education that, upon review of the terms of the contract, it wished to "terminate the contract" and therefore needed to give thirty-days' notice. None of the purchase orders speak to 30-day notice of termination; the Agreement for Professional Services does.

The jurisdictional evidence reflects "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity" that was "properly executed on behalf of the local governmental entity." TEX. LOC. GOV'T CODE ANN. § 271.151(2). The Agreement for Professional Services contemplated that La Marque might seek an enlarged scope of services through a separate agreement with La Marque ISD, a Work Order, or a written amendment to the agreement. La Marque ISD acknowledges that it did, in fact, seek an enlarged scope of work and memorialized the agreement with HSE through verbatim acceptance of the HSE proposal through La Marque ISD's purchase orders.

Whether La Marque ISD may be held to breach of that agreement for failure to comply with the specific terms applicable to "amendments" or "Work Orders" is not within the scope of the governmental immunity question presented here. *See, e.g.*, *City of Houston v. Clear Channel Outdoor, Inc.*, 233 S.W.3d 441, 446 (Tex. App.—Houston

[14th Dist.] 2007, no pet.) (holding that whether city's offer to purchase plaintiff's billboard was binding under city charter implicated the merits of the case and, thus, did not defeat Section 271.152 waiver of immunity). The evidence brings the parties' agreement within the waiver of immunity contemplated by Section 271.152.

## CONCLUSION

We conclude that, at a minimum, the undisputed evidence before the trial court raises a fact question concerning whether the Agreement for Professional Services, including the purchase orders for construction services, constitutes a written contract stating the essential terms for providing services on behalf of La Marque ISD; as such, the evidence at least raises a fact question about whether, under Section 271.152 the contract is a "contract subject to this subchapter." The trial court's order denying La Marque ISD's plea to the jurisdiction is affirmed.


/s/      Sharon McCally
         Justice


Panel consists of Justices Brown, Christopher and McCally.

8