Concurring and dissenting opinion issued April 5, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00240-CV

———————————

The City of Houston, Appellant

V.

Atser, L.P., Appellee



 



 

On Appeal from the 334th Judicial District Court

Harris County, Texas



Trial Court Case No. 2008-48039

 



 

CONCURRING AND DISSENTING MEMORANDUM OPINION

I respectfully
concur in the judgment with respect to the first issue (the $5M claim),
and I respectfully dissent from the judgment with respect to the second (the
$250K claim).  Although a majority
of the panel has agreed on the judgment in this appeal, see Tex. R. App. P.
41.1(a), the fact that a justice concurring in the judgment has declined to
provide or join any legal opinion means that there is no majority reasoning to
explain the outcome, except to the extent that the two opinions partially agree
about why we lack appellate jurisdiction with respect to the City’s $5M
claim.  The panel opinions in this appeal
thus lack any precedential value except to the extent of our agreement as
described in this opinion.  Cf. Univ. of Texas Med. Branch at Galveston
v. York, 871 S.W.2d 175, 177 (Tex. 1994) (noting that plurality opinions
are “not authority for determination of other cases” because “the principles of
law involved have not been agreed upon by a majority of the sitting court”); Rothenberg v. State, 176 S.W.3d 53, 57
(Tex. App.—Houston [1st Dist.] 2004, pet. ref’d)
(observing that plurality opinions may be persuasive authorities, but they lack
precedential value).

I conclude that this appeal should
be dismissed in its entirety for want of interlocutory appellate
jurisdiction.  “Appellate courts have
jurisdiction to consider immediate appeals of interlocutory orders only if a
statute explicitly provides such jurisdiction.”  Texas
A & M Univ. Sys. v. Koseoglu, 233
S.W.3d 835, 840 (Tex. 2007) (citing Stary v. DeBord, 967 S.W.2d 352, 352–53 (Tex. 1998)).  The City appealed only from the trial court’s
March 9, 2010 interlocutory order
denying its motion for partial summary judgment, and we have interlocutory
jurisdiction only if that order denied a plea to the jurisdiction.  See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West
2008).  A summary judgment motion that
“clearly challenged the trial court’s subject matter jurisdiction” is treated
as a plea to the jurisdiction for the purpose of determining interlocutory
appellate jurisdiction.  Thomas v. Long, 207
S.W.3d 334, 339 (Tex. 2006).  The availability of an interlocutory
appeal is not “constrained by the form or caption of a pleading,” but will
instead be determined by “the substance of a motion to determine the relief
sought, not merely its title.”  Id. (quoting Surgitek, Bristol–Myers
Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999)).

The general thrust of
the City’s arguments on appeal is that its motion for partial summary judgment
challenged the existence of jurisdictional facts necessary to plead and prove the
waiver of governmental immunity for contract claims pursuant to Local
Government Code section 271.152.  We cannot address the merits of the City’s
arguments on appeal because, as I explain below, they were not presented to the
trial court as jurisdictional arguments. 
The statute authorizing an appeal from an interlocutory order that “grants
or denies a plea to the jurisdiction by a governmental unit as that term is
defined in Section 101.001 [of the Civil Practice and Remedies Code],” Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(8), is
strictly construed as a “narrow exception to the general rule that only final
judgments are appealable.”  Koseoglu, 233
S.W.3d at 841 (quoting Bally Total
Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001)).  Although the question of the trial court’s subject
matter jurisdiction can be raised for the first time on appeal by the court or
by the parties, see Texas Ass’n
of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 445–46 (Tex. 1993), that principle presupposes that we are
properly exercising our appellate jurisdiction, and on this record we cannot do
so.

$5M
claim. 
With respect to the first issue, a
careful examination of the substance of the motion for partial summary judgment
reveals that the City did not “clearly challenge” the trial court’s subject
matter jurisdiction as to ATSER’s $5M claim. 
Although the argument, excerpted in the majority’s opinion, made
reference to the governmental immunity statute, it did so only with specific
reference to the kinds of claims that ATSER could not pursue against a
governmental unit, i.e., a purported “tort or quasi-contract claim” and “these
types of claims.”  ATSER did not allege
such claims in the third amended petition, the live pleading.  Thus, in context, the City’s reference to the
statutory waiver of governmental immunity under section 271.152 was
a straw man argument because ATSER had already voluntarily dropped its unjust
enrichment and quantum meruit claims from the suit.  The real issue is whether the City is immune
from suit for the contract claim.

The City relies upon ICI Construction, Inc. v. Orangefield Independent School District, 339 S.W.3d 235
(Tex. App.—Beaumont 2011, no pet.), as an example in which an appellate court
upheld a trial court’s order granting a plea to the jurisdiction based upon the
plaintiff’s failure to establish the existence of an actionable contract within
the scope of the waiver of governmental immunity, thus demonstrating the
absence of jurisdictional facts necessary for the case to proceed.  See ICI
Construction, 339 S.W.3d at 239.  That authority is inapplicable because in
this case the City did not present an argument in its motion for partial
summary judgment that the alleged infirmities in ATSER’s contract claim
deprived the court of subject matter jurisdiction.  Quite to the contrary of suggesting immunity
from suit, the City’s motion acknowledged that “Atser’s
only possibility of recovery lies in an action for breach of contract, which is
Atser’s only remaining claim.”

Accordingly, I concur
in the judgment that the appeal must be dismissed as to the $5M claim for lack
of appellate jurisdiction.  However I
would not parse the motion to distinguish between the City’s no-evidence and
traditional summary judgment grounds, as Justice Keyes has done in her opinion.  The City’s motion either challenged subject matter
jurisdiction over the $5M claim or it did not. 
I agree with Justice Keyes that it did not.  We therefore lack appellate jurisdiction for
interlocutory review of the trial court’s subject matter jurisdiction over the $5M claim.

$250K
claim. 
With respect to the City’s second issue,
a close review of the City’s motion demonstrates that it also did not challenge
subject matter jurisdiction over the $250K claim.  “Sovereign immunity encompasses two
principles: immunity from suit and immunity from liability.”  Gen. Servs. Comm’n v. Little-Tex Insulation Co., Inc.,
39 S.W.3d 591, 594 (Tex. 2001).  The City did not argue that it was immune from suit for the
$250K claim.  As
noted in the lead opinion, with respect to the $250K claim the City’s motion
only disclaims liability for lost profits because ATSER is prohibited by
statute from obtaining that type of damages. 
See Tex. Loc. Gov’t Code Ann.
§ 271.153(b)(1) (West 2005) (excluding recovery
of consequential damages for contract claim against local governmental entity,
except to extent allowed under section 271.153(a)(1)).  Such an argument does
not implicate the City’s immunity from suit; rather, it only implicates
immunity from liability for damages.  See Kirby Lake Dev., Ltd. v. Clear Lake Water
Auth., 320 S.W.3d 829, 840 (Tex. 2010); City of Houston v. S. Elec. Servs., Inc., 273 S.W.3d 739, 743–44 (Tex. App.—Houston [1st Dist.] 2008, pet.
denied).

Because the motion for
partial summary judgment only claimed immunity from liability for the $250K
claim, the City did not challenge the trial court’s subject matter jurisdiction
over that claim.  “Immunity from
liability does not affect a court’s jurisdiction to hear a case.”  Texas
Dep’t of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam); see also
City of Houston v. Williams, 353 S.W.3d 128, 133 (Tex. 2011) (“Immunity
from suit deprives a trial court of jurisdiction.” (citing
Jones, 8 S.W.3d at 638–39)); S. Elec. Servs.,
273 S.W.3d at 744–45 (affirming denial of plea to the jurisdiction based upon
section 271.153).  The City’s
argument was premised upon immunity from liability for a category of
damages.  It was not premised upon
immunity from suit, and therefore it did not “clearly challenge” the trial court’s subject matter jurisdiction.  See
Thomas, 207 S.W.3d at 339.  Accordingly, the City’s motion for partial
summary judgment cannot be treated as a plea to the jurisdiction for the
purpose of establishing interlocutory appellate jurisdiction, and the
appeal should likewise be dismissed as to the $250K claim.  See Baylor Coll. of Med. v. Tate, 77 S.W.3d 467, 472–73
(Tex. App.—Houston [1st Dist.] 2002, no pet.).

Although no analysis
with respect to the City’s second issue has garnered the support of a majority
of the panel, and therefore the legal discussion has no precedential value, I
respectfully disagree with the portion of the lead opinion which reviews the
City’s second issue and suggests, incorrectly, that the City cannot use a plea
to the jurisdiction to challenge the existence of jurisdictional facts
necessary to substantiate a claim within the scope of a legislative waiver of governmental
immunity.  See Texas Dep’t of Parks & Wildlife
v. Miranda, 133
S.W.3d 217, 227–28 (Tex. 2004) (observing that a plea
to the jurisdiction may challenge the existence of jurisdictional facts and “if
the relevant evidence is undisputed or fails to raise a fact question on the
jurisdictional issue, the trial court rules on the plea to the jurisdiction as
a matter of law”); ICI
Construction, 339 S.W.3d at 239.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Sharp, and
Massengale.

Justice Sharp, concurring in the
judgment only.

Justice Massengale,
concurring in the judgment in part and dissenting from the judgment in part.