**Reversed and Rendered and Memorandum Opinion filed November 6, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00882-CV

---

### STAFFORD MUNICIPAL SCHOOL DISTRICT, Appellant

### V.

### THE HANOVER INSURANCE COMPANY, Appellee

---

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 13-DCV-206179**

---

## M E M O R A N D U M   O P I N I O N

Stafford Municipal School District ("Stafford") appeals an order denying its plea to the jurisdiction asserting governmental immunity pursuant to Texas Local Government Code § 271.152 (West 2005). We reverse and render.

### I. BACKGROUND

In August 2011, Stafford contracted with Fort Bend Mechanical ("FBM") for the construction of a maintenance building, parking and detention pond. FBM,

as principal, secured The Hanover Insurance Company ("Hanover") as surety on the performance and payment bond, binding Stafford, the obligee, in the total amount of the construction project. The bond provided, "if the said Principal shall faithfully perform the work in accordance with the plans, specifications and contract documents, then this obligation shall be void; otherwise to remain in full force and effect."

In September 2011, in order to perform electrical and technological services under its contract with Stafford, FBM contracted with various subcontractors, including Facility Solutions Group ("Facility Solutions"). Facility Solutions completed its work in February 2012, and it billed FBM for amounts due under its contract. FBM failed to pay. In May 2012, Facility Solutions then gave notice to both FBM and Hanover that it was seeking to recover $126,512.00 under the contract and/or the performance bond. Neither FBM nor Hanover responded to Facility Solutions.

As a result, Facility Solutions sued Hanover in its capacity as surety. Facility Solutions did not sue FBM. Instead, it relied solely on its subcontract with FBM. Hanover then filed a third-party petition and amended petition against Stafford. In its amended third-party petition, Hanover claimed Stafford "failed and refused to pay any amount of FBM's pay application" in the amount of $241,940.95, and therefore breached its contract with FBM. Hanover urged Stafford waived governmental immunity because it entered into the contract with FBM, that Stafford breached that contract, and that, "as surety for FBM," Hanover was entitled to any "defenses and third party claims that FBM has or may have in this suit." Hanover also pleaded it was "entitled to bring this action for SBSD's [Stafford's] breach of contract under the principals of subrogation." In sum, Hanover urged Stafford was liable to Facility Solutions for sums allegedly due

under the subcontract between Facility Solutions and FBM—a contract to which Stafford was not a party.

Stafford filed a plea to the jurisdiction, original answer, and affirmative defenses, asserting "Hanover has failed to proffer relevant evidence to support its jurisdictional argument regarding the existence of a contract." Stafford further affirmatively pleaded there was no privity of contract and that there were "prior material breaches of agreements by FBM." The trial court denied the plea. Stafford filed its notice of interlocutory appeal.

## II. ANALYSIS

In its first issue, Stafford asserts there was no waiver of governmental immunity because there was no contract between it and Facility Solutions or between it and Hanover. In its second issue Stafford argues equitable subrogation is not a viable avenue for relief, and in its third issue Stafford addresses public policy concerns.

## A.     Standard of Review

Subject matter jurisdiction is essential to a trial court's authority to act. *Brownlow v. State*, 251 S.W.3d 756, 759 (Tex. App.—Houston [14th Dist.] 2008, *aff'd* 319 S.W.3d 649 (Tex. 2010)). In filing a plea to the jurisdiction, the party challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A trial court must grant a plea to the jurisdiction when the pleadings do not state a cause of action upon which the trial court has jurisdiction. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Whether a court has jurisdiction is a question of law we review *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

3

In reviewing an order on a plea to the jurisdiction, we consider the pleadings and evidence relevant to the issue of jurisdiction, as well as evidence tending to negate the existence of jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004). The plaintiff bears the burden of pleading specific allegations of fact which affirmatively demonstrate the trial court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Miranda*, 133 S.W.3d at 226. If the evidence creates a fact question regarding jurisdiction, then the plea must be denied. *See Harris County Flood Control Dist. v. Great Am. Ins. Co.*, 359 S.W.3d 736, 742 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing *Miranda*, 133 S.W.3d at 226–28). But, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the plea to the jurisdiction as a matter of law. *Id.* We do not consider the merits of the case. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

## B.    Immunity

Governmental immunity has two components:  immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit is a bar to the suit in its entirety. *Id.* When a governmental entity enters into a contract, it waives immunity from liability; however, that waiver of liability does not establish waiver of immunity from suit. For there to be waiver of immunity from suit, the Legislature must specifically provide for the waiver. *See Tooke*, 197 S.W.3d at 332–33 (requiring clear and unambiguous language for waiver of governmental immunity).

Texas Local Government Code Section 271.152, entitled "Waiver of Immunity to Suit for Certain Claims," provides:

> A local *governmental entity* that is authorized by statute or the constitution to enter into a contract and that *enters into a contract subject to this subchapter* waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of *the* contract, subject to the terms and conditions of this subchapter.

Tex. Local Gov't Code § 271.152 (West 2005) (Emphasis added).

Section 271.151 defines "governmental entity" as "a political subdivision of this State . . . including a . . . public school district."  Tex. Local Gov't Code § 271.151(3) (West 2005); *see also Witchita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003); *Gatesco Q.M., Ltd. v. City of Houston*, 333 S.W.3d 338, 348 n.7 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Section 271.151(2) defines "contract subject to this subchapter" as:

> a written *contract* stating the *essential terms* of the agreement for *providing goods or services to the local governmental entity* that is properly executed on behalf of the local governmental entity."

Tex. Loc. Gov't Code § 271.151(2) (West 2005) (Emphasis added).

Section 271.153, entitled "Limitation on Adjudication Awards," provides the total amount of money awarded in a breach-of-contract action brought against a governmental entity is limited to "the balance due and owed by the local governmental entity *under the contract . . . .*"  Tex. Loc. Gov't Code § 271.153(a) (West 2005) (Emphasis added).  Thus, the party seeking to establish waiver must allege a local governmental entity is involved, the entity entered into a contract subject to the subchapter, and the adjudication involves the breach of that contract.

## C.    Waiver

To determine if a waiver of governmental immunity has occurred, we review the substance of Hanover's third-party petition.  *See Miranda*, 133 S.W.3d at 226–28.  Hanover alleged there was a contract between Stafford and FBM, and that Stafford breached the FBM-Stafford contract, resulting in FBM's non-payment to

Facility Solutions.[1]  Hanover did not allege, however, that there was any contract between Stafford and Facility Solutions.

Rather, Hanover asserted Stafford's alleged failure to pay FBM caused FBM's non-payment to Facility Solutions.  Hanover has failed to meet its burden to prove there was a "contract subject to this subchapter" wherein Facility Solutions provided goods or services *to Stafford*, as required in Section 271.152(2), and there was no "balance due and owed" by Stafford under a contract with Facility Solutions, as required in Section 271.153(a).  *See City of Boerne v. Vaughan*, No. 04-12-00177-CV, 2012 WL 2839889, at *1 (Tex. App.—San Antonio July 11, 2012, no pet.) (mem. op.) (concluding because third-party petition did not establish contract was for the provision of goods and services to the city, there was no waiver of immunity).  The only allegation here is there was a contract between Stafford and FBM.  Hanover did not allege a contract existed between Facility Solutions and Stafford or a breach of any such contract.  As a result, Hanover's third-party breach-of-contract claim also does not adjudicate a claim for breach of the contract, as required by Section 271.151(2) because there is no contract between Stafford and Hanover or between Stafford and Facility Solutions.  *See* Tex. Loc. Gov't Code § 271.151(2).  The only contract to which Stafford was a party is the construction contract between it and FBM, which is not in dispute.

Additionally, Hanover did not allege the "essential terms" of a contract between Stafford and Facility Solutions or between Stafford and Hanover.  In fact, there was no allegation Stafford knew of the "essential terms" of the subcontract between FBM and Facility Solutions.  Hanover failed to allege affirmative facts on

---

[1]  FBM did not sue Stafford for breach of contract, nor did Stafford seek relief from Hanover for performance under the bond.

6

this required element of Section 271.152(2). *See* Tex. Loc. Gov't Code § 271.151(2); *see also Judson Independent School Dist. v. ABC/Associated Benefit Consultants, Inc.*, 244 S.W.3d 617, 620–21 (Tex. App.—San Antonio 2008, no pet.) (concluding request for proposal and minutes of meeting did not amount to a contract stating essential terms, and because "the balance due and owed" under the contract was not owed by the governmental entity which was sued, there was no waiver of immunity); *Learners Online, Inc. v. Dallas Independent School Dist.*, 333 S.W.3d 636, 643–44 (Tex. App.—Dallas 2009, no pet.) (holding even though parties were aware of memorandum of understanding and grant application, the documents did not constitute "essential terms" of a contract; they indicated the terms to be included in a subcontract at a future date and did not meet requirements of Section 271.152); *ICI Const., Inc. v. Orangefield Independent School Dist.*, 339 S.W.3d 235, 239 (Tex. App.—Beaumont 2011, no pet.) (concluding various documents did not constitute evidence of essential terms because they did not establish basis of agreement and costs for repairs; therefore, no waiver of immunity); *see also Lower Colorado River Authority v. City of Boerne, Texas*, 422 S.W.3d 60, 67 (Tex. App.—San Antonio 2013, pet. filed) (holding Section 271.252's specificity as to the necessity of the "adjudicating a claim for breach of the contract" is controlling, and does not include adjudicating claims for declaratory judgment).

Further, because Hanover did not allege the existence of a contract between Stafford and Facility Solutions or between Stafford and Hanover, there was no allegation the "contract" on which Hanover relies was "properly executed on behalf of the local governmental entity." *See Vantage Sys. Design, Inc. v. Raymondville Indep. Sch. Dist.*, 290 S.W.3d 312, 316 (Tex. App.—Corpus Christi 2009, pet. denied) (holding school district could not waive governmental immunity

without proof of a signed and executed contract between the parties); Tex. Loc. Gov't Code § 271.152(2).

Therefore, we sustain appellant's first issue. We need not address appellant's second and third issues.

### III. CONCLUSION

Facility Solutions sued Hanover to recover on a performance bond where Hanover was the surety and FBM was the principal. Facility Solutions did not sue Stafford, nor was there any contract between Facility Solutions and Stafford. To establish a waiver of governmental immunity, Hanover was required to allege sufficient affirmative facts to establish there was a contract between it and Stafford or between Stafford and Facility Solutions. It did not do so. Further, there was no allegation of any contract for the provision of goods or services to Stafford, nor was there any allegation as to its execution.

Therefore, we reverse the trial court's order and render judgment that Hanover's claim against Stafford be dismissed.


/s/     John Donovan
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.