CITY OF HOUSTON, Appellant,

v.

SOUTHERN ELECTRICAL SERVICES, INC., as Assignee of the Morganti Group, Inc., and the Morganti Group, Appellees.

No. 01–07–00808–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 20, 2008.

Malinda York Crouch, Sr. Assistant City Attorney, Houston, TX, for Appellant.

Diane M. Guariglia, Marc A. Young, Rachel M. Stanford, Cokinos, Bosien & Young, Houston, TX, for Appellees.

Panel consists of Justices JENNINGS, HANKS, and BLAND.

## OPINION

JANE BLAND, Justice.

The City of Houston appeals the trial court's order denying its plea to the jurisdiction in a suit for breach of contract brought by appellees, Southern Electrical Services, Inc. (SES), and the Morganti Group, Inc. (Morganti) against the City. The City contends that the trial court erred in denying its plea to the jurisdiction because SES and Morganti failed to allege facts in their pleadings which would bring the claim within the waiver of governmental immunity that Sections 271.151–160 of the Texas Local Government Code confer. *See* Tex. Loc. Gov't Code Ann. §§ 271.151–.160 (Vernon 2005). We conclude that SES alleges sufficient facts "for the purpose of adjudicating a claim for breach of contract." We therefore affirm the trial court's order.

## Background

The City sought bids from companies to construct a new Central Concourse at William P. Hobby Airport. Morganti bid to be a general contractor on the project. Morganti, in turn, requested bids from subcontractors to perform work on the project, and SES, as a subcontractor, prepared its bid for its portion of the project based on a "prevailing wage rate" scale that the city provided to the bidders in its bid documents. Both under the contract and by statute, the City required its contractors and subcontractors on the project to pay their employees the local prevailing wage rate.[1] *See* Tex. Gov't Code Ann. §§ 2258.001–.026 (Vernon 2008). SES and Morganti subsequently were awarded contracts to perform the work. SES timely completed its performance under the contract. After entering the contract, SES discovered that the City had amended its prevailing wage rate and certified higher wage scales than the rates it certified in the contract for the project. In their petition, SES and Morganti claim that, in providing incorrect wage scales in the contract documents, the City breached the contract. SES seeks the difference in the wages under the incorrectly certified wage scale provided in the documents and the correct prevailing wage scale.

The City filed a plea to the jurisdiction, asserting that the allegations in appellees' petitions failed to come within the waiver of governmental immunity from suit conferred in Sections 271.151–.160 of the Texas Local Government Code. *See* Tex. Loc. Gov't Code Ann. §§ 271.151–.160 (Vernon 2005).

As part of the proceedings, parties introduced the contract, which provides in relevant part,

1.1  Contractor *shall* execute the Work *in accordance with the Contract Documents*, except to the extent specifically indicated in the Contract Documents to be the respon-

---

1. According to Texas Government Code Sections 2258.021–.023, contractors are required to pay in accordance with the wage rates only if the government entity provides them, and the public body's determination of the general prevailing rate of per diem wages is final. Tex. Gov't Code Ann. §§ 2258.022(e), 2258.023(c) (Vernon 2008).

sibility of others, or as otherwise provided herein.

....

3.1 *Subject to the terms and conditions of the Contract Documents,* City shall pay Contractor in current funds for Contractor's performance of the Contract, the Contract Price of [$77,039,273.86].

(Emphasis added). Attached to and incorporated into the contract were additional "general conditions" and "supplementary conditions," which provided, in relevant part,

1.1 BASIC DEFINITIONS

....

1.1.5 Contract: *The Contract Documents form the Contract for Work.* The Contract represents the entire and integrated agreement between parties and supersedes prior negotiations, representations or agreements, either written or oral. *The Contract may be amended or modified only by a Modification ....*

1.1.6 Contract Documents: *The Agreement between the City and Contractor, the portions of the Contractor's Bid attached to the Agreement,* and any post-bid documentation submitted prior to the execution when attached to the Agreement, ... *the Conditions of the Contract,* ... *appropriate addenda,* ... *and other documents as they are specifically enumerated in the Agreement, plus Modifications.*

1.1.12 Modification: A Modification to the Contract Documents, issued after the Effective Date of the Agreement, *is a Change Order, a Work Change Directive, or a written order for a minor change in the Work issued by the City Engineer.*

....

3.6 PREVAILING WAGE RATES

3.6.1 *Contractor shall comply with the governing statutes providing for labor classification of wage scales, as stipulated in Document 00800—Supplementary Conditions,* for each craft or type of laborer, worker, or mechanic.

3.6.1.1 *Prevailing wage rates applicable to the Work shall be as stated in the Agreement, and as bound by in the Project Manual.*

3.6.1.2 *The prevailing wage rates applicable to the Work shall be Document 00812—Wage Scale/Engineering/FAA, as bound in the Project Manual. Documents 00811 and 00813 shall not apply.*

3.6.2 Each week the Contractor shall submit to the City Affirmative Action and Contract Compliance Division, certified copies of payrolls showing classification and wages paid by the Contractor and all Subcontractors for each employee working on the Project for any day included in the Contract.

Document 00812 is attached to the Contract, showing a scale of wage rates to be paid to different types of employees. In its petition, SES alleges that the City breached by failing to pay Morganti the increased costs caused by the City's increase in the prevailing wage rate for work performed by SES under the subcontract. Accordingly, SES states: "The City's failure to pay was and is a breach of Section 3.6.1, as modified, of the contract with Morganti. Moreover, Section 22.58.022 of the Texas Government Code required the City to provide Morganti with accurate prevailing wage rates." SES is an assignee of Morganti.

## Standard of Review

A plea to the jurisdiction is a dilatory plea that seeks dismissal of a case for lack of subject matter jurisdiction. *Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex.2004); *Villarreal v. Harris County,* 226 S.W.3d 537, 541 (Tex.App.-Houston [1st Dist.] 2006, no pet.). The question of whether a court has subject matter jurisdiction is a matter of law; accordingly, we review de novo the trial court's ruling on a plea to the jurisdiction. *Hoff v. Nueces County,* 153 S.W.3d 45, 48 (Tex.2004); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). Governmental immunity from suit precludes the exercise of subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 225–26; *Villarreal,* 226 S.W.3d at 541.

The purpose of a plea to the jurisdiction is to "defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex. 2000). It does not involve delving into the substance of the plaintiff's claims, but rather, examination of whether the merits of those claims should be reached. *Id.* Accordingly, in reviewing the trial court's ruling on a plea to the jurisdiction, we construe the pleadings liberally in favor of the plaintiff and determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Villarreal,* 226 S.W.3d at 541. If the pleadings lack sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but do not reveal incurable defects in jurisdiction, the issue is one of pleading sufficiency, and the trial court may either afford the plaintiff an opportunity to amend or await further development of the case on the merits. *Miranda,* 133 S.W.3d at 226–27. Conversely, if the pleadings affirmatively negate the existence of jurisdiction, then the trial court may grant a plea to the jurisdiction without providing the plaintiff an opportunity to amend. *Id.* at 227.

## Governmental Immunity

The common-law doctrine of governmental immunity protects political subdivisions of the state, including counties, cities, and school districts by providing them with immunity from liability as well as immunity from suit. *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist.v. Texas Political Subdivisions Property/Casualty Joint Self-Insurance Fund,* 212 S.W.3d 320, 323–24 (Tex.2006); *Tooke v. City of Mexia,* 197 S.W.3d 325, 330 n. 11 (Tex.2006); *City of Houston v. Swinerton Builders, Inc.,* 233 S.W.3d 4, 11 (Tex.App.-Houston [1st Dist.] 2007, no pet.). Immunity from liability bars enforcement of a judgment against a political subdivision without its consent. *Tooke,* 197, S.W.3d at 332. By entering into a contract, a governmental entity waives its immunity from liability, but does not waive immunity from suit. *Id.* It is within the purview of the Legislature to determine a waiver of a political subdivision's immunity from suit, and such waiver must be "clear and unambiguous." *Id.* at 332–33.

The Legislature recently enacted Sections 271.151–.160 of the Texas Local Government Code, which waive governmental immunity in suits for breach of contract. Section 271.152 provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter *waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract,* subject to the terms and conditions of this subchapter.

Tex. Loc. Gov't Code Ann. § 271.152 (Vernon 2005) (emphasis added). Section 271.153, in turn, limits the types of dam-

ages permitted under the Section 271.152 waiver. Section 271.153 provides,

   (a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of contract subject to this subchapter is limited to the following:

     (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;

     (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract; and

     (3) interest as allowed by law.

TEX. LOC. GOV'T CODE ANN. § 271.153. Section 271.153 further provides that damages arising under a contract subject to the subchapter may not include consequential damages or exemplary damages. *Id.*

It is undisputed here that the contract is the *type* that falls within Section 271.152. But the City seeks dismissal under 271.153, contending that SES and Morganti have failed to plead damages that fall within the requirements of Section 271.153. The City asserts that the contract only requires it to pay SES and Morganti the original lump sum due, not increased labor costs. The City further asserts that, since the contract was not amended by a modification as defined by the contract, there is no "balance due" under the contract or an increased cost because of a delay or acceleration of the work. SES and Morganti respond that, because the City was contractually and statutorily required to provide it with accurate prevailing wage scales, and the bid was "subject to" such a term, the provision of incorrect prevailing wage scales was a breach of contract and

the "balance due and owed by the local government entity under the contract" includes monies it paid due to the City's breach.

     In a case involving a plea to the jurisdiction, we do not adjudicate the substance of the case, but determine whether a court has the power to reach the merits of the claim. *Bland,* 34 S.W.3d at 554. We construe the pleadings liberally in favor of the plaintiff and determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Villarreal,* 226 S.W.3d at 541. This constrains our consideration of the facts here. The City essentially asks that we find the claim for damages lacking in merit because nothing in the contract imposes an obligation on the City to adjust the contract price, and thus the City owes nothing in damages. But an "adjudication" of such a claim is exactly what the Legislature allows in Section 271.152. Section 271.153 does not retract the privilege granted in Section 271.152 to adjudicate the claim for breach, if a plaintiff alleges facts to support such a claim and seeks recovery only of damages to the extent allowed. *See City of Mesquite v. PKG Contracting, Inc.,* 263 S.W.3d 444, 448 (Tex.App.-Dallas 2008, no pet.) (holding that statutory limitations on the contractor's recoverable damages imposed by Section 271.152 did not deprive the trial court of subject matter jurisdiction to adjudicate the breach of contract claim). To observe that the claim will fail does not deprive the trial court of jurisdiction to hear it—or in the Legislature's own words, "adjudicate" it. SES's pleadings allege sufficient facts to qualify this case as a waiver of sovereign immunity as granted by statute, by alleging facts to support their claim that the City has not paid "the balance due and owed under the contract."

We hold that the plaintiffs alleged facts sufficient to fall within the government's waiver of immunity "for the purpose of adjudicating a claim for breach of contract." We therefore affirm the order of the trial court.