

NUMBER 13-11-00624-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**CORPUS CHRISTI INDEPENDENT SCHOOL DISTRICT,** **Appellant,**

**v.**

**TL MECHANICAL,** **Appellee.**

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela**
**Memorandum Opinion by Justice Vela**

This is an interlocutory appeal from a trial court order denying appellant, Corpus Christi Independent School District's ("CCISD"), plea to the jurisdiction. CCISD raises a single issue on appeal contesting the trial court's ruling. We affirm.

## I. BACKGROUND

Appellee TL Mechanical and CCISD entered into a contract with respect to air conditioning system renovations at Mary Carroll High School in Corpus Christi. After TL Mechanical's bid had been accepted and the contract had been entered into, an issue arose with respect to alleged deficiencies of the Carrier Corporation's equipment that was being utilized, because Carrier was unable to provide factory installed ventilation controls on the system. The evidence also reflected that Carrier was listed in the project specifications as one of four acceptable equipment suppliers. The CCISD engineer in charge of the project refused to accept the Carrier controls and required TL Mechanical to use equipment provided by McQuay. As a result, TL Mechanical incurred an additional $175,000 for purchase of the equipment. TL Mechanical filed suit against CCISD, alleging that the school district breached its contract by not issuing a formal change order or construction change directive, and sought, as damages, the additional costs associated with utilizing the McQuay equipment. CCISD filed a plea to the jurisdiction, which the trial court denied after a hearing. CCISD then filed this interlocutory appeal.

## II. STANDARD OF REVIEW

A plea to the jurisdiction based on governmental immunity challenges a trial court's subject matter jurisdiction. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). We consider a trial court's ruling on a plea to the jurisdiction under a de novo standard. *Id*.

Generally, a plaintiff bears the burden to plead facts affirmatively demonstrating subject matter jurisdiction. *Id.* A plea to the jurisdiction can challenge either the sufficiency of the plaintiff's pleadings or the existence of jurisdictional facts. *Tex. Dept. of*

*Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). When a plea attacks the pleadings, the issue turns on whether the pleader has alleged sufficient facts to demonstrate subject matter jurisdiction. *Id.* In such cases, we construe the pleadings liberally in the plaintiff's favor and look for the pleader's intent. *City of Carrollton v. Singer*, 232 S.W. 3d 790, 795 (Tex. App.—Fort Worth 2007, pet. denied). When the pleadings neither allege sufficient facts nor demonstrate incurable defects, the plaintiff should usually be afforded an opportunity to amend. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). However, if the pleadings affirmatively negate jurisdiction, then the plea to the jurisdiction may be granted without leave to amend. *Id.* When a plea to the jurisdiction challenges the existence of jurisdictional facts, a court may consider evidence in addressing the jurisdictional issues. *Miranda*, 133 S.W.3d at 227. If the evidence reveals a question of fact on the jurisdictional issue, the trial court cannot grant the plea, and the issue must be resolved by a fact finder. *Id.* at 227–28.

Governmental immunity encompasses two components: immunity from liability and immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). When a governmental entity enters into a contract, it waives immunity from liability under the terms of the contract; however, entering into a contract does not also act as a waiver of immunity from suit. *Id.* A waiver of immunity from suit may occur, even in the breach of contract context, only if the legislature has waived such immunity by clear and unambiguous language. *Id.* at 332–33.

## III. ANALYSIS

CCISD's primary arguments are that TL Mechanical did not have an obligation to issue a formal change order or construction change directive, thus there was no breach of contract and the damages that TL Mechanical seeks are not recoverable.

Section 271.152 of the local government code provides a limited waiver of immunity for local governmental entities that enter into certain contracts. *Sharyland Water Supply Corp. v. Alton*, 354 S.W.3d 407, 411 (Tex. 2011); *see* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). The statute provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. According to its plain language, the statute unambiguously waives a governmental entity's immunity from suit for breach of certain written contracts. *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 327 (Tex. 2006). The Legislature enacted section 271.152 "to loosen the immunity bar so that all local governmental entities that have been given or are given the statutory authority to enter into contracts shall not be immune from suits arising from those contracts." *Id.*

For section 271.152's waiver of immunity to apply, however, three elements must be established: (1) the party against whom the waiver is asserted must be a "local governmental entity" as defined by section 271.151(3); (2) the entity must be authorized by statute or the Constitution to enter into contracts; and (3) the entity must in fact have

4

entered into a contract that is "subject to this subchapter," as defined by section 271.151(2). TEX. LOC. GOV'T CODE ANN. §§ 271.151–.152. A contract "subject to this subchapter" is defined as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2).

Here, all three elements are present. First, waiver of immunity in section 271.152 applies to "local governmental entities," which include municipalities, public school and junior college districts, and various special-purpose districts and authorities. *Id.* § 271.151(3). There is no dispute that CCISD is a public school district expressly included in the definition of a local government entity. Second, CCISD has statutory authority to enter into contracts pursuant to section 11.1511(c)(4) of the Texas Education Code, which authorizes an independent school district's board of trustees to "enter into contracts as authorized under this code or other law and delegate contractual authority to the superintendent as appropriate." TEX. EDUC. CODE ANN. § 11.1511(c) (4) (West Supp. 2011).

The third element requires the parties to enter into a "contract subject to this subchapter." *Id.* § 271.151(2). In order for a contract to be subject to section 271.152's waiver of immunity, it must: (1) be in writing, (2) state the essential terms of the agreement, (3) provide for goods or services, (4) to the local governmental entity, and (5) be executed on behalf of the local governmental entity. *Id.* The construction contract between TL Mechanical and CCISD, signed by both the president and secretary of the school board, its attorney and its superintendent, was attached to TL Mechanical's

5

pleadings. It is a contract for goods and services to be provided to CCISD. This jurisdictional evidence, therefore, reflects "a written contract stating the essential terms of the agreement for providing goods or services to the local government entity" that was "properly executed on behalf of the local governmental entity." *Id.* § 271.151.

Section 271.153 of the statute limits the damages that can be awarded. *See id.* § 271.153. The purpose of section 271.153 is to limit the amount due by a governmental agency on a contract once liability has been established, not to foreclose the determination of whether liability exists. *Kirby Lake Dev. Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 838 (Tex. 2010). In *City of Houston v. Southern Electrical Services, Inc.*, the court stated that, in a case involving a plea to the jurisdiction, the court does not adjudicate the substance of the case. 273 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). Rather, we determine if a court has the power to adjudicate a case. *Id.* "Section 271.153 does not retract the privilege granted in section 271.152 to adjudicate the claim for breach, if a plaintiff alleges facts to support such a claim and seeks recovery only of damages to the extent allowed." *Id.* The jurisdictional plea should be decided without delving into the merits of the case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

While CCISD urges that TL Mechanical has not alleged a breach of contract, the jurisdictional evidence reflected that Carrier was listed in the project specifications as one of four acceptable equipment suppliers. TL Mechanical urged in its pleadings that CCISD never issued a formal change order or construction change directive to accommodate the deviation from the original bid. TL Mechanical asserted that the

6

failure to issue the formal change order cost TL Mechanical the price difference of the upgraded material. Thus, the pleadings reflect that TL Mechanical is filing suit for breach of contract. CCISD's argument, in fact, goes to the merits of the case rather than the jurisdictional issue. Whether CCISD can be held responsible for any alleged breach of the parties' contract, however, is not within the scope of the governmental immunity question presented here. *See e.g., City of Houston v. Clear Channel Outdoor, Inc.*, 233 S.W.3d 441, 446 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (determining that whether the City's offer to purchase the plaintiff's billboard was binding under the City charter implicated the merits of the case and did not defeat waiver of immunity.); *see also LaMarque Ind. School Dist. v. Healthy Resources Enter., Inc.*, No. 14-10-01269-CV, 2011 WL 5926179, at *4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.) (holding that whether the school district could be held liable for breach of agreement for failure to comply with specific terms applicable to amendment or work orders was not within the scope of the question of governmental immunity).

CCISD also argues that the damages sought are not recoverable because TL Mechanical is seeking lost profits. However, TL Mechanical pleaded that the "amount of damages sought does not include any amount for 'lost profits.'" The damages it seeks are based on the price difference between the Carrier equipment and the McQuay equipment. These are direct damages stemming from the alleged breach.

Thus, we hold that TL Mechanical alleged facts sufficient to invoke the government's waiver of immunity for the purpose of adjudicating a breach of contract claim under local government code section 271.152. CCISD's issue is overruled.

7

### IV.  CONCLUSION

Having overruled CCISD's sole issue, we affirm the trial court's order denying the plea to the jurisdiction.

ROSE VELA
Justice

Delivered and filed the
29th day of March, 2012.