**MEMORANDUM OPINION**

**JUDSON INDEPENDENT SCHOOL DISTRICT, Appellant**

**v.**

**ABC/ASSOCIATED BENEFIT CONSULTANTS, INC.,**
**Appellee.**

**No.  04–07–00636–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 16, 2008.

George E. Grimes, Jr., Laura C. Rodriguez, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., San Antonio, TX, for Appellant.

Mayo J. Galindo, L. Brent Farney, Attorneys at Law, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, STEVEN C. HILBIG, Justice.

## MEMORANDUM OPINION

Opinion by KAREN ANGELINI, Justice.

This is an interlocutory appeal of the trial court's denial of Judson Independent School District's (hereinafter "Judson ISD") plea to the jurisdiction. We reverse the trial court's order and render judg-

ment that the claims against Judson ISD be dismissed.

## Factual and Procedural Background

In August of 2004, Judson ISD, a political subdivision of the State of Texas, issued a "Notice of Invitation for Sealed Proposals for Health Insurance Agent" (hereinafter "Request for Proposal" or "RFP") seeking proposals for the selection of an agent who would secure health insurance for Judson ISD. ABC/Associated Benefit Consultants, Inc. (hereinafter "ABC"), had been the health insurance agent for Judson ISD for fourteen consecutive years without the benefit of a formal contract and submitted a bid to continue as Judson ISD's agent. The Request for Proposal informed proposers of the specific requirements of a proper proposal, and the process that would be followed once an agent was selected.

At a properly called meeting on September 30, 2004, the Judson ISD Board of Trustees passed a motion, as reflected by the minutes, wherein ABC was selected as Judson ISD's insurance agent. Thereafter, ABC continued to act as the school district's health insurance agent and as such, placed Judson ISD's coverage with Humana for a period of time beginning in November 2005 and ending on or about October 31, 2006. No action was ever taken by Judson ISD's Board of Trustees to approve or authorize the execution of a written contract between Judson ISD and ABC. In December of 2005, ABC was suddenly denied payment by Humana for all commissions due and owing at that time for the business ABC had acquired from Judson ISD; additionally, Humana deducted payments made to ABC for commissions previously paid in October and November of 2005.

ABC subsequently sued Judson ISD, along with several other defendants, and alleged that Judson ISD was liable for breach of contract, breaching the terms under which it accepted ABC's bid, promissory estoppel, and for declaratory and injunctive relief. Judson ISD filed a Plea to the Jurisdiction and Original Answer Subject to its Plea, asserting that ABC's claims were barred as a matter of law by sovereign immunity. The trial court subsequently denied Judson ISD's plea and entered an order denying same from which Judson ISD now files this interlocutory appeal.

In a single issue, Judson argues that the trial court erred in denying its Plea to the Jurisdiction.

## Standard of Review

■■■■ A plea to the jurisdiction is a dilatory plea challenging a court's authority to determine the subject matter of the action. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction to hear the cause. *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001). Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998). In reviewing a trial court's ruling on a plea to the jurisdiction, we construe the pleadings in favor of the pleader and look to the pleader's intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993).

■■■■ If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs

should be afforded the opportunity to amend. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004). If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 227.

## SOVEREIGN IMMUNITY

Sovereign immunity from suit defeats a trial court's subject matter jurisdiction unless the State expressly consents to a suit. *Tex. Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). Governmental immunity operates like sovereign immunity and affords a similar protection to subdivisions of the State, including counties, cities, and school districts. *Ben Bolt–Palito Blanco Consol. Indep. School Dist. v. Texas Political Subdivisions Prop./Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 323–324 (Tex.2006). Chapter 271 of the Local Government Code provides a limited waiver of immunity, allowing suits "for the purpose of adjudicating a claim for breach of the contract" to be brought against governmental entities, such as a school district, authorized by statute or the constitution to enter into a contract and that enter into a contract subject to the terms and conditions of subchapter I. TEX. LOC. GOV'T CODE ANN. § 271.152 (Vernon 2005). Thus, section 271.152 expressly waives sovereign immunity to suit solely for "the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter," providing the contract is a "written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2).

However, § 271.153(a) further provides that "[t]he total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to" "the balance due and owed *by the local governmental entity* under the contract," "the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract," and "interest as allowed by law." *Id.* § 271.153(a) (emphasis added). Additionally, damages may not include consequential damages, exemplary damages, or damages "for unabsorbed home office overhead." *Id.* § 271.153(b); *see also SE Ranch Holdings, Ltd. v. City of Del Rio,* No. 04–06–00640–CV, 2007 WL 2428081, *4 (Tex. App.-San Antonio Aug.29, 2007, pet. filed).

## DISCUSSION

In this case, ABC sued Judson ISD, a public school district constituting a local governmental entity pursuant to Chapter 271.151, for breach of contract, breaching the terms under which it accepted ABC's bid, promissory estoppel, and for declaratory and injunctive relief. *See* § 271.151(3)(B). Therefore, ABC had the burden of affirmatively showing that governmental immunity had been waived and that the trial court had jurisdiction to hear the cause. *Miller,* 51 S.W.3d at 587.

In its response to Judson ISD's Plea to the Jurisdiction and at the subsequent hearing, ABC argued that the RFP, along with the minutes of the meeting wherein the Board of Trustees accepted ABC as the District's insurance agent, amounted to a written contract subject to Chapter 271. ABC made no other attempt to affirmatively show that the trial court had jurisdiction to hear the cause with respect to its claims for promissory estoppel, and for declaratory and injunctive relief. *See id.* Accordingly, the only claims the court arguably had jurisdiction to hear were the

breach of contract and breach of the terms under which Judson ISD accepted ABC's bid.

However, even if we were to find that the RFP and the minutes together amounted to a "written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that [was] properly executed on behalf of the local governmental entity", the only relief ABC would be entitled to pursuant to § 271.153(a) would be "the balance due and owed *by the local governmental entity* under the contract," "the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract," and "interest as allowed by law." *Id.* §§ 271.151(2), 271.153(a).

Here, ABC alleges that "the balance due and owed" under the contract is owed, *not* by Judson ISD, the local governmental entity, but by Humana. Indeed, ABC's Second Amended Original Petition alleged that "ABC Benefits had the exclusive right *to be paid all fees, commission, bonuses and other financial incentives from Humana Insurance* as a result of their insurance having been placed with the school district." Additionally, ABC alleged that:

> ... on or about December 10, 2005, *in the gross payment received from Humana,* Humana not only failed to include payment for all commissions due and owing at that time for the business Plaintiff had acquired from the Judson ISD account, *but also deducted from amount [sic] it paid Plaintiff* all Judson ISD commissions that had been paid to Plaintiff in October 2005 and November 2005.

Finally, ABC's petition states that as to Judson ISD, "Plaintiff seeks the recovery of all actual damages available under Texas law for such breach and for such causes of action." This court has previously found such a broad pleading to be insufficient to allege allowable damages under section 271.153. *SE Ranch Holdings, Ltd.,* 2007 WL 2428081, at *5.

Accordingly, section 271.153(a) does not provide an avenue for recovery as there is no balance due and owed by Judson ISD to ABC, nor is there any amount due from change orders, additional work, or interest. *See City of San Antonio v. Polanco & Co.,* No. 04–07–00258–CV, 2007 WL 3171360, *5 (Tex.App.-San Antonio Oct.31, 2007, no pet.). Because ABC has not claimed any damages within the limitations of Chapter 271 of the Local Government Code, ABC's claims for breach of contract and breach of the terms under which Judson ISD accepted ABC's bid are not "subject to the terms and conditions of this subchapter" and therefore, Judson ISD has not waived immunity to suit for the purpose of adjudicating these claims. *Id.* § 271.152; *see id.; see also Miranda,* 133 S.W.3d at 225–26. Accordingly, we sustain Judson ISD's point of error.

## Conclusion

Because the trial court erred in denying Judson ISD's plea to the jurisdiction, we reverse the trial court's order and render judgment that the claims against Judson ISD be dismissed.