Court of Appeals
Fourth Court of Appeals District of Texas





# OPINION

No. 04-10-00263-CV

**CITY OF SAN ANTONIO**,
Appellant

v.

**KGME, INC.**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-06449
Honorable Peter Sakai, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  March 30, 2011

AFFIRMED

In an opinion and judgment dated February 16, 2011, we affirmed the trial court's order denying the City of San Antonio's plea to the jurisdiction in a suit filed by appellee, KGME, Inc. The City of San Antonio ("the City"), the defendant below and appellant here, filed a motion for rehearing.  We deny the motion, withdraw our opinion and judgment of February 16, 2011, and issue this opinion and judgment in its place.

**BACKGROUND**

In May 2004, the City contracted with KGME for construction of a drainage ditch with hydromulched vegetation. In February 2006, the parties determined KGME could not complete the project as called for in the contract. Thereafter, the City ordered cessation of work on the project and withheld the portion of the contract retainage due to KGME upon completion and acceptance of performance.

KGME brought two causes of action against the City: a claim for breach of contract and a claim for violation of the Texas Prompt Payment Act ("PPA").[1] KGME alleged the City breached the parties' contract by failing to: (1) pay for work performed on the project; (2) pay for additional work completed pursuant to City-ordered changes in the scope of the project; (3) pay for additional costs incurred due to City-caused delays; and (4) approve change orders necessary for KGME to complete performance. For its breach of contract claim, KGME sought all damages allowed under Texas Local Government Code section 271.153, as well as all damages available at common law.[2] For its PPA claim, KGME requested attorneys' fees and interest accruing on the unpaid contract retainage.

---

[1] The parties argue on appeal that KGME is pursuing two separate causes of action against the City for breach of contract: a common law claim and a Texas Local Government Code section 271.152 claim. However, section 271.152 expressly waives sovereign immunity from suit for breach of contract, thereby permitting KGME to bring its common law breach of contract claim. TEX. LOC. GOV'T. CODE ANN. § 271.152 (West 2005) ("A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter."). Common law breach of contract and section 271.152 are not distinct claims; section 271.152 is merely the vehicle by which KGME brings its common law breach of contract claim.

[2] It is unclear whether KGME made a claim for attorneys' fees under section 271.153(a)(3). Regardless, section 271.153 was only recently amended in 2009 to permit recovery for reasonable and necessary attorneys' fees. Act of May 31, 2009, 81st Leg., R.S., ch. 1266, § 8, 2009 Tex. Gen. Laws 4006, 4007. The attorneys' fees provision is not retroactive—it applies only to contracts executed after the amendment's effective date: June 19, 2009. *Harris County Flood Control Dist. v. Great Am. Ins. Co.*, 309 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2010, pet. dism'd). Because the parties in this case executed their contract in 2004, KGME cannot recover attorneys' fees under section 271.153.

On October 1, 2009, the City countersued for breach of contract, alleging KGME failed to fully perform its obligations under the parties' contract. The City later filed a plea to the jurisdiction based on its sovereign immunity from suit. The trial court denied the City's plea to the jurisdiction, and the City filed this accelerated appeal.

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea by which a party challenges the court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review *de novo* the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

A plea to the jurisdiction can make two types of challenges: a challenge to the existence of jurisdictional facts or a challenge to the sufficiency of the pleadings. *Id.* at 226–27. When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court must consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Id.* at 227. If this consideration requires examination of evidence, the trial court has discretion to decide whether the jurisdictional determination should be made in a preliminary hearing or after more development of the case. *Id.* If the evidence raises a fact question regarding jurisdiction, the trial court must deny the plea to the jurisdiction and leave resolution of the question to the fact finder. *Id.* at 227–28. In contrast, if the evidence is undisputed or fails to raise a fact question regarding jurisdiction, the trial court must rule on the plea to the jurisdiction as a matter of law. *Id.* at 228.

When a plea to the jurisdiction challenges the sufficiency of the pleadings, we determine if the plaintiff has met its burden by pleading facts affirmatively demonstrating the trial court's

subject matter jurisdiction. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Id.*

Here, the City's plea to the jurisdiction challenges both the existence of jurisdictional facts and the sufficiency of KGME's pleadings. We discuss each separately.

## EXISTENCE OF JURISDICTIONAL FACTS

The City argues the evidence establishes it did not breach the parties' contract because it had no contractual obligation to make the requested change orders. The City also argues it was not the cause of KGME's failure to perform because KGME neglected its duty to inspect the premises before making its bid. The City contends there is no balance due and owing to KGME under the contract because, by no fault of the City, KGME failed to complete performance, which is a prerequisite for payment under the contract.

In contrast, KGME argues it did not breach the contract because it encountered "newly discovered" conditions at the work site that precluded its performance. According to KGME, the contract required the City to make change orders to accommodate KGME's performance should the parties discover any such conditions after performance began. KGME contends the City's failure to issue the change orders breached the contract and directly caused KGME's failure to perform; therefore, according to KGME, the City is estopped from asserting KGME's failure to complete performance as justification for its refusal to pay the balance of the contract retainage.

We believe the evidence raises fact issues as to which party, if any, breached the contract and whether there is a balance due and owing to KGME. The parties invite us to review the evidence and resolve these fact issues in their respective favors, but resolution of disputed jurisdictional facts implicating the merits of a claim or defense is a matter reserved for the fact finder. *Miranda*, 133 S.W.3d at 227–28. Therefore, because the evidence raises fact questions

regarding jurisdiction, the trial court properly denied the City's plea to the jurisdiction on this ground. *See id.*

## SUFFICIENCY OF THE PLEADINGS

The City's plea to the jurisdiction also challenges the sufficiency of KGME's pleadings on two grounds. First, the City argues the trial court has no jurisdiction to award KGME common law breach of contract damages beyond those expressly permitted by the Local Government Code. Second, the City argues the trial court has no jurisdiction to hear KGME's claim for violation of the PPA. We discuss each argument separately.

### *KGME's Breach of Contract Claim*

Texas Local Government Code section 271.152 expressly waives sovereign immunity from suit for breach of contract. TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005) ("A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract . . . ."). Section 271.153 limits the types of damages recoverable for a breach of contract claim brought under section 271.152 as follows:

> (a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:
> (1) the balance due and owing by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;
> (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;
> (3) reasonable and necessary attorney's fees that are equitable and just; and
> (4) interest as allowed by law.

(b) Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:

(1) consequential damages, except as expressly allowed under Subsection (a)(1);

(2) exemplary damages; or

(3) damages for unabsorbed home office overhead.

*Id.* § 271.153.

"The provisions [of sections 271.152 and 271.153] waiving immunity and limiting damages 'apply to a claim that arises under a contract executed before the effective date of [sections 271.152 and 271.153] only if sovereign immunity has not been waived with respect to the claim before' . . . September 1, 2005." *Tooke v. City of Mexia*, 197 S.W.3d 325, 344–45 (Tex. 2006). Here, the parties formed the construction contract in May 2004, prior to the effective date of sections 271.152 and 271.153. Because the City did not waive its sovereign immunity before September 1, 2005, KGME is entitled to sue under section 271.152. *See id.* KGME now seeks all damages permitted under section 271.153 for unpaid sums due and owing for work performed on the project, payment for increased costs of performance resulting from City-caused delays, and payment for change orders and additional work the City ordered KGME to perform.

In addition, KGME requests common law damages, including actual, consequential, incidental, and compensatory damages, as well as pre- and post-judgment interest, costs of court, litigation expenses, and reasonable and necessary attorneys' fees.[3] Some of these common law

---

[3] KGME's Second Amended Petition requests attorneys' fees as an element of common law damages, but the general rule in Texas is attorneys' fees are available only if expressly permitted by contract or by statute. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). The parties' contract does not provide for attorneys' fees; therefore, KGME relies on the PPA as its statutory authority for recovering attorneys' fees in this case. Alternatively, KGME requested attorneys' fees under Texas Civil Practice and Remedies Code section 38.001. However, section 38.001 provides for recovery of attorneys' fees only for claims brought against individuals and corporations, not governmental entities. Therefore, KGME is not entitled to recover attorneys' fees under section 38.001.

damages cannot be recovered under section 271.153. For this reason, the City contends the trial court does not have jurisdiction to award KGME common law damages for its breach of contract claim beyond those expressly permitted by section 271.153. However, citing *Reata Construction Corp. v. City of Dallas*, KGME argues that by countersuing, the City waived sovereign immunity from all common law breach of contract damages, regardless of the limitations imposed by section 271.153. In *Reata*, the Supreme Court held that when a governmental entity asserts its own affirmative claims for monetary relief, sovereign immunity does not bar adverse parties from asserting, "as an offset, claims germane to, connected with, and properly defensive to those asserted by the governmental entity." 197 S.W.3d 371, 376–77 (Tex. 2006). The Court reasoned:

> [I]f the governmental entity interjects itself into or chooses to engage in litigation to assert affirmative claims for monetary damages, the entity will presumably have made a decision to expend resources to pay litigation costs. If the opposing party's claims can operate only as an offset to reduce the government's recovery, no tax resources will be called upon to pay a judgment, and the fiscal planning of the governmental entity should not be disrupted. Therefore, a determination that a governmental entity's immunity from suit does not extend to a situation where the entity has filed suit is consistent with the policy issues involved with immunity. In this situation, we believe it would be fundamentally unfair to allow a governmental entity to assert affirmative claims against a party while claiming it had immunity as to the party's claims against it.

*Id.* at 375–76.

Applying *Reata*, we must decide if KGME's claims for common law breach of contract damages are sufficiently related to the City's counterclaim. "In common usage, the term 'germane' means 'closely akin,' 'being at once relevant and appropriate,' 'closely or significantly related,' 'relevant,' and 'pertinent.'" *Sweeny Cmty. Hosp. v. Mendez*, 226 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (quoting *City of Dallas v. Redbird Dev. Co.*, 143 S.W.3d 375, 381 (Tex. App.—Dallas 2004, no pet.)); Merriam-Webster's Collegiate

Dictionary 525 (11th ed. 2003); Random House Webster's Unabridged Dictionary 800 (2d ed. 2001)). "In common usage, the term 'connected' means 'united, joined or linked' and 'joined together in sequence; linked coherently' and 'having parts or elements logically linked together.'" *Id.* (quoting Merriam-Webster's Collegiate Dictionary 525 (11th ed. 2003); Random House Webster's Unabridged Dictionary 800 (2d ed. 2001)).

Here, KGME's claims and the City's counterclaim arise from the same facts and controversy. Both parties request damages stemming from the other's purported breach of the same contract, and both claims rely on the trial court's resolution of similar disputed facts. Therefore, we hold KGME's claims for common law breach of contract damages are germane to, connected with, and properly defensive to the City's counterclaim for common law breach of contract.

KGME contends *Reata* permits it to seek, in addition to those damages expressly permitted by section 271.153, common law breach of contract damages up to the amount of the City's countersuit. We agree. Section 271.153 limits the extent of the statutory waiver created by section 271.152. However, when the City counterclaimed against KGME, it affirmatively waived any remaining sovereign immunity from suit for "germane" claims up to the amount of its counterclaim. Thus, by countersuing KGME for breach of contract, the City opened itself up to KGME's claims for common law breach of contract damages otherwise barred by section 271.153. KGME's recovery for these claims will be limited to the recovery awarded to the City on its counterclaim.

Because we conclude the common law breach of contract damages KGME requests are "germane to, connected with, and properly defensive to" the City's counterclaim for breach of

contract, we hold the trial court has jurisdiction to hear KGME's claims for common law breach of contract damages.

### KGME's PPA Claim

The PPA provides that if a governmental entity does not make timely payments under a contract with a vendor of goods or services, the vendor may suspend performance and recover interest accruing on any undisputed late payments. TEX. GOV'T CODE ANN. §§ 2251.025, 2251.051 (West 2008). In addition, the PPA provides: "In a formal administrative or judicial action to collect an invoice payment or interest due under this chapter, the opposing party, which may be the governmental entity or the vendor, shall pay the reasonable attorney fees of the prevailing party." *Id.* § 2251.043. However, the existence of a bona fide dispute regarding whether an amount is due and owing under a contract precludes operation of the interest provision of the PPA. *Id.* § 2251.002(1); *Port Neches-Groves Indep. Sch. Dist. v. Pyramid Constructors, L.L.P.*, 281 S.W.3d 142, 150 (Tex. App.—Beaumont 2009, pet. denied).

The plaintiff has the burden of pleading facts affirmatively demonstrating the court's subject matter jurisdiction for a claim against a governmental entity. *McMahon Contracting, L.P. v. City of Carrollton*, 277 S.W.3d 458, 464 (Tex. App.—Dallas 2009, pet. denied). The State waives its immunity from liability by voluntarily entering into contracts and binding itself to contractual terms. *Id.* However, even if the State waives its immunity from liability by contracting with private parties, immunity from suit is not waived except by legislative mandate. *Id.* "It is settled in Texas that for the Legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *see also* TEX. GOV'T CODE ANN. § 311.034 (West 2005).

At least three of our sister courts have held that although the PPA waives sovereign immunity from liability for attorneys' fees and accrued interest on undisputed late payments, it does not contain "clear and unambiguous" language expressly waiving sovereign immunity from suit. *Great Am. Ins. Co.*, 309 S.W.3d at 618; *McMahon*, 277 S.W.3d at 465; *Pyramid Constructors*, 281 S.W.3d at 147. We, too, must conclude the PPA does not waive sovereign immunity from suit for attorneys' fees and interest. In this case, therefore, the City initially retained sovereign immunity from suit for KGME's claim for violations of the PPA. However, because of the City's counterclaim, our analysis does not end here.

Pursuant to the rule in *Reata*, the City may have waived its sovereign immunity from KGME's PPA claim by countersuing. The question for us to resolve is whether KGME's PPA claim is "germane to, connected with, and properly defensive to" the City's counterclaim. We conclude it is. As previously discussed, KGME's claims and the City's counterclaim arise from the same facts and controversy. Both KGME's PPA claim and the City's counterclaim allege breach of the parties' contract and require resolution of the same facts. Thus, KGME's PPA claim is germane to, connected with, and properly defensive to the City's counterclaim. We hold the City, by countersuing KGME for breach of contract, waived its sovereign immunity from suit for KGME's PPA claim up to the recovery awarded to the City on its counterclaim.

As for the City's contention that a bona fide dispute exists regarding the unpaid retainage, thereby precluding operation of the interest provision of the PPA, we note the parties dispute whether a bona fide dispute exists in this case. According to the City, there is no balance due and owing because KGME never completed performance, which was a prerequisite to payment under the contract. KGME contends the City intentionally thwarted performance by failing to issue certain change orders to the contract that would have permitted KGME to perform. KGME

claims the City's refusal to issue the change orders precludes it from now claiming a bona fide dispute regarding the amount due and owing. Because the fact finder has not yet had an opportunity to determine what amount, if any, is due and owing under the parties' contract, we decline to decide whether a bona fide dispute exists so that the parties may resolve the issue before the trial court.

Accordingly, we hold the trial court has jurisdiction to hear KGME's PPA claim for attorneys' fees and interest up to the amount of the City's counterclaim.

## CONCLUSION

For these reasons, we overrule all issues on appeal and affirm the trial court's denial of the City's plea to the jurisdiction.

Sandee Bryan Marion, Justice