Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



## MEMORANDUM OPINION

No. 04-12-00035-CV

**ROMA INDEPENDENT SCHOOL DISTRICT**,
Appellant/Cross-Appellee

v.

**EWING CONSTRUCTION COMPANY**,
Appellee/Cross-Appellant

v.

Cab-Cos Contractors, L.L.C., Sechrist-Hall Company, and Padron Plumbing, Inc.,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-10-417
Honorable Jose Luis Garza, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED

The motion for rehearing filed by appellant/cross-appellee Roma Independent School District is denied.  This court's opinion and judgment dated June 6, 2012 are withdrawn, and this opinion and judgment are substituted.  We substitute this opinion to clarify our discussion

regarding the existence of fact issues pertaining to Ewing Construction Company's breach of contract claim.

Roma Independent School District appeals the trial court's denial of its plea to the jurisdiction as to Ewing's breach of contract claim, asserting the District's immunity was not waived as to that claim. Ewing Construction Company cross-appeals the trial court's granting of the District's plea to the jurisdiction as to Ewing's claims for promissory estoppel, quantum meruit, and unjust enrichment, asserting its amended petition dropped the claims before the trial court's ruling. We affirm the trial court's order.

## BACKGROUND

The District and Ewing entered into a contract for the construction of a middle school. Ewing subsequently sued the District for breach of contract,[1] claiming the District failed to pay Ewing for: (1) costs for additional work required to complete the project or required to be undertaken as a result of concealed conditions; (2) additional time required to complete the project due to delays caused by the District; and (3) the retainage balance due and owing under the contract. The District filed a plea to the jurisdiction asserting immunity from suit. The trial court concluded that a written contract existed between the District and Ewing and that immunity was waived as to Ewing's breach of contract claim.

---

[1] In its cross-appeal, Ewing challenges the trial court's granting of the District's plea as to Ewing's promissory estoppel, quantum meruit, and unjust enrichment claims. Because Ewing dropped these claims from its first amended petition, which was the live pleading at the time of the hearing on the District's plea, Ewing contends the trial court had no jurisdiction to rule on those claims. Although Ewing's first amended petition deleted the separate subheadings containing specific allegations pertaining to the alternative claims, the trial court appeared to remain troubled by the pleading because the substantive allegations in the original and amended pleadings were very similar. This led the trial court to pose the following question at the hearing: "Do I have the discretion or authority to decide whether your pleadings are still in quantum meruit even though you remove those terms from your pleadings?" Based on the trial court's ruling, it appears that the trial court construed the allegations in Ewing's first amended petition as potentially raising the alternative claims. *See Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex.2004) (pleadings liberally construed in favor of plaintiff). Because the substantive allegations were substantially the same in both pleadings, we overrule Ewing's contention on cross-appeal.

## STANDARD OF REVIEW

"Immunity from suit deprives a trial court of jurisdiction."  *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011).  "Whether a trial court possesses jurisdiction is a question of law we review *de novo*."  *Id.*

"'When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause.  We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent.'"  *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009) (quoting *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).  In this case, Ewing alleges the District, a local governmental entity, breached a written contract for the provision of goods and services to the District.  Thus, if Ewing's allegations are true, the District's immunity from suit is waived under section 271.152 of the Texas Local Government Code.[2]  *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005).

However, "'if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do.'"  *Heinrich*, 284 S.W.3d at 378 (quoting *Miranda*, 133 S.W.3d at 227).  "If there is no question of fact as to the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law."  *Id.*  "If, however, the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder."  *Id.*  "This standard mirrors our

---

[2] Section 271.152 provides, "A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter."  TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005).

review of summary judgments, and we therefore take as true all evidence favorable to [Ewing], indulging every reasonable inference and resolving any doubts in [its] favor." *Id.*

**BREACH OF CONTRACT CLAIM**

As previously noted, because the contract between the District and Ewing was for the provision of goods and services to the District, the District's immunity from suit is waived for purposes of adjudicating Ewing's claim for breach of contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005). The District contends the trial court erred in denying its plea because the contract could not have been breached in the manner alleged. The District asserts that no additional work was authorized in writing or no proper notice was provided by Ewing as required by the contract.

The claim in this case is very similar to the claim made in *City of San Antonio v. KGME, Inc.*, 340 S.W.3d 870, 874-75 (Tex. App.—San Antonio 2011, no pet.). In that case, as here, the contractors encountered newly-discovered conditions at the work site and alleged the City breached the contract by refusing to issue change orders to accommodate the necessary additional work. *Id.* at 874. This court held the trial court properly denied the City's plea to the jurisdiction because the evidence raised fact issues pertaining to the breach and whether there was a balance due and owing to the contractor. *Id.* at 874-75.

In the instant case, Ewing responded to the District's plea with almost 250 pages of exhibits documenting the communications that occurred regarding the delays and additional work, and the actions taken by Ewing based on those communications. During his deposition, the District's representative, Jesus O. Guerra, Jr., was forced to acknowledge numerous deposition exhibits containing communications by and to Ewing pertaining to additional work and delays associated with the construction project. We believe this evidence raises fact issues

in the instant case similar to those raised in *City of San Antonio v. KGME, Inc.*, 340 S.W.3d at 874-75.

Moreover, any provision in a contract can be waived, including contractual provisions detailing the procedures to be followed to be paid for additional work. *See Guzman v. Ugly Duckling Car Sales of Tex., L.L.P.*, 63 S.W.3d 522, 528 (Tex. App.—San Antonio 2001, pet. denied). Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Id*. The existence of a waiver is generally a question of fact, based upon what was said and done. *Id*. The key element in establishing waiver is the intent of the alleged waiving party. *Id*. In this case, fact issues exist regarding whether the notice that was given and the actions taken in response waived compliance with contractual requirements, procedures, and provisions regarding payment. These fact issues precluded the trial court from granting the District's plea to the jurisdiction as to Ewing's breach of contract claim. Because the evidence raised fact issues regarding whether the contractual provisions the District asserts barred the breach of contract claims were waived, the evidence raised fact issues both as to whether the contract was breached and what, if any, damages might be recoverable.[3]

Finally, and more fundamentally, the purpose of a plea to the jurisdiction is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A plea "should be decided without delving into the merits of the case." *Id*. A plea to the jurisdiction "does not authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *Id*. In this context, "[o]nce the trial court determines whether the contract falls within the provisions of section 271.152, it need not parse further the pleadings or the

---

[3] These fact issues also relate to the architect certification and claims exhaustion procedures referenced in issues four and five of the District's brief.

contract to determine whether the legislature has waived immunity for breach of contract claims." *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 447 (Tex. App.—Dallas 2008, pet. denied). "[F]ailure to give a contractual notice or to follow a contract procedure does not mean the suit is not for the purpose of adjudicating a claim for breach of a contract as defined by section 271.151(2)." *Id*. "Whether [Ewing] complied with the notice provisions of the contract may [present a defense] to the merits of the suit, but it would not deprive the trial court of subject matter jurisdiction." *Id*. at 448. Stated differently, arguing that the breach of contract claim will fail "does not deprive the trial court of jurisdiction to hear it — or in the Legislature's own words, 'adjudicate' it." *City of Houston v. Southern Elec. Servs., Inc.*, 273 S.W.3d 739, 745 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2005) (waiving immunity "for the purpose of adjudicating a claim for breach of [] contract").

## SECTION 271.153

The District also contends that it retained its immunity from suit because the damages sought by Ewing are not among those listed as recoverable in section 271.153 of the Texas Local Government Code. Section 271.153 provides:

> (a) The total amount of money awarded in an adjudication brought against a local governmental entity for breach of a contract subject to this subchapter is limited to the following:
> (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;
> (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;
> (3) reasonable and necessary attorney's fees that are equitable and just; and
> (4) interest as allowed by law, including interest calculated under Chapter 2251, Government Code.

(b) Damages awarded in an adjudication brought against a local governmental entity arising under a contract subject to this subchapter may not include:

(1) consequential damages, except as expressly allowed under Subsection (a)(1);

(2) exemplary damages; or

(3) damages for unabsorbed home office overhead.

TEX. LOC. GOV'T CODE ANN. § 271.153 (West Supp. 2011).[4]

The Texas Supreme Court, however, has stated, "The purpose of section 271.153 is to limit the amount due by a governmental agency on a contract once liability has been established, not to foreclose the determination of whether liability exists." *Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.*, 320 S.W.3d 829, 840 (Tex. 2010). Several of our sister courts have agreed, holding that section 271.153 is not a proper basis for granting a plea to the jurisdiction. *See, e.g., City of N. Richland Hills v. Home Town Urban Partners, Ltd.*, 340 S.W.3d 900, 909-10 (Tex. App.—Fort Worth 2011, no pet.) (op. on reh'g); *City of Houston v. Southern Elec. Servs., Inc.*, 273 S.W.3d 739, 744 (Tex. App.—Houston [1st Dist.] 2008, pet. denied); *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d at 448. We agree with our sister courts and find the following reasons given by the Austin court in *City of San Antonio ex rel. San Antonio Water Sys. v. Lower Colorado River Auth.*, No. 03-10-00085-CV, 2011 WL 3307509 (Tex. App.—Austin July 29, 2011, no pet.), compelling support for so holding:

First, whether a governmental entity can be liable for damages in a particular suit is a completely separate question from whether the entity can be subjected to the suit in the first place. That is to say, immunity from suit and immunity from liability are distinct concepts. Immunity from suit bars suit against a governmental entity altogether and deprives a court of jurisdiction, whereas immunity from liability bars enforcement of a judgment but does not affect a court's jurisdiction. [The Lower Colorado River Authority] essentially argues that section 271.152 waives its immunity from suit only to the extent that section 271.153 permits liability. Some statutes do evince a clear legislative intent to tie immunity from suit to immunity from liability in this way. But the

---

[4] We acknowledge that the statute as cited contains provisions added by an amendment which are inapplicable to the instant case; however, the amendments are not relevant for purposes of our discussion.

statutes at issue here do not. Rather, the titles of sections 271.152 ("Waiver of Immunity to Suit For Certain Claims") and 271.153 ("Limitations on Adjudication Awards") make clear that the Legislature intended the former to govern immunity from suit and the latter to govern liability. Indeed, no part of section 271.153 even mentions waiver of immunity from suit; the statute discusses nothing but limitations on liability. Therefore, we cannot conclude that the Legislature intended section 271.153 to bear on immunity from suit.

Further, as a matter of logic, discussing limitations on liability makes sense only if liability can be imposed in the first place. Liability can be imposed on a governmental entity only if the entity's immunity from suit has been waived. Thus, discussing limitations on liability (as section 271.153 does) implies that the State's immunity from suit has already been waived. This fact suggests that courts should look first to section 271.152 to determine whether the State's immunity from suit is waived, and if it is, courts should then apply section 271.153 to determine the limitations of the State's liability. *Kirby Lake* supports this two-step approach.

Finally, local government code section 271.158 states that "Nothing in this subchapter shall constitute a grant of immunity to suit to a local governmental entity." This seems to preclude any interpretation of section 271.153 that would grant immunity in a case where section 271.152 would otherwise waive immunity.

*Id*. at 5-6 (citations omitted).

The District argues that these holdings are contrary to this court's holding in *Judson Ind. Sch. Dist. v. ABC/Associated Benefit Consultants, Inc.*, 244 S.W.3d 617, 621 (Tex. App.—San Antonio 2008, no pet.). The analysis in that case, however, was focused on the fact that the plaintiff was seeking to recover the balance due and owing under a contract from a nongovernmental entity (Humana), rather than the local governmental entity (Judson ISD) with which the plaintiff alleged it had a contract. *Judson Ind. Sch. Dist.*, 244 S.W.3d at 621. Therefore, this court did not address whether section 271.153 provided an independent basis for granting a plea to the jurisdiction where the plaintiff seeks to recover damages from a local governmental entity for breach of contract.[5] *See id.* Moreover, we note that this court's decision

---

[5] We acknowledge that our holding may also be inconsistent with a statement made in a prior opinion that "Section 271.153 limits the extent of the statutory waiver created by section 271.152." *City of San Antonio v. KGME, Inc.*, 340 S.W.3d at 877. However, we consider the statement to be dicta since the argument, analysis, and holding in that

in *Judson Ind. Sch. Dist.* preceded the Texas Supreme Court's statement in *Kirby Lake Dev. Ltd.* that "The purpose of section 271.153 is to limit the amount due by a governmental agency on a contract once liability has been established, not to foreclose the determination of whether liability exists." 320 S.W.3d at 840.

Because we hold that section 271.153 is not a proper basis for granting a plea to the jurisdiction, the District's reliance on the statute is misplaced.

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice

---

case were based on the application of the Texas Supreme Court's decision in *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex. 2006). *See City of San Antonio v. KGME, Inc.*, 340 S.W.3d at 876-77.