**Opinion issued November 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00004-CV

_____

**NIKKI SIDES INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF THOMAS MIDDLETON, Appellant**

**V.**

**TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Appellee**

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 14-DCV-212749**

## MEMORANDUM OPINION

In this wrongful death suit, we determine whether the conduct alleged falls within the Texas Tort Claims Act's waiver of governmental immunity. Nikki Sides sued the Texas Department of Criminal Justice ("TDCJ") under the Act, alleging that its negligence contributed to the death of Thomas Middleton, Sides's son.

Middleton committed suicide while in TDCJ custody. Sides also sought declaratory relief for alleged violations of Middleton's constitutional rights.

The trial court granted TDCJ's plea to the jurisdiction based on governmental immunity and dismissed the case with prejudice. On appeal, Sides contends that she alleged sufficient facts to establish a waiver of governmental immunity as a matter of law or, alternatively, that the trial court erred in denying Sides an evidentiary hearing or leave to amend her pleadings in response to TDCJ's plea to the jurisdiction. Finding no error, we affirm.

## Background

In February 2012, Thomas Middleton was an inmate housed in TDCJ's Beauford H. Jester IV Unit, a psychiatric facility. During an afternoon check of a recreational dayroom restroom, TDCJ guards discovered Middleton hanging by his neck from a handrail in a toilet stall, unresponsive. Middleton was later pronounced dead.

In her suit, Sides alleges that TDCJ was negligent in (1) constructing a privacy wall around the restroom area of the dayroom that was too high, (2) providing him with a hooded sweatshirt with a drawstring, and (3) failing to modify the toilet handrail to prevent suicides.

TDCJ filed a plea to the jurisdiction, asserting that the trial court lacked subject matter jurisdiction over Sides's claims because her pleadings failed to

2

establish a waiver of TDCJ's immunity under the Tort Claims Act.  The trial court granted the plea and dismissed the case.

## The Texas Tort Claims Act

Sides complains that she has pleaded allegations sufficient to establish a waiver of TDCJ's immunity under the Act, because Middleton's death was caused by a condition or use of tangible property under TDCJ's control.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011).

### A.    Standard of Review

We review a trial court's ruling on a plea to the jurisdiction de novo if, as here, the jurisdictional facts are undisputed.  *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In a suit against a governmental unit, a plaintiff must affirmatively demonstrate subject-matter jurisdiction by alleging a waiver of governmental immunity.  *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).  To do so, a plaintiff must allege facts that affirmatively establish subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  In determining whether a plaintiff has satisfied her burden, we construe the pleadings liberally in her favor; we deny the plea if the alleged facts demonstrate

3

jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226; *Smith v. Galveston Cty.*, 326 S.W.3d 695, 697–98 (Tex.App.—Houston [1st Dist.] 2010, no pet.).

**B.** **Analysis**

Governmental immunity protects the State and its agencies and officials from lawsuits for damages. *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivs. Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). In Texas, a governmental agency is not liable for the torts of its officers unless a constitutional or statutory provision waives this immunity and permits a suit to go forward. *Univ. of Tex. Med. Branch at Galveston v. York*, 871 S.W.2d 175, 177 (Tex. 1994). The Texas Tort Claims Act is one such statutory provision. It waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

**1.** **Use of Tangible Personal or Real Property**

First, we examine whether Sides has alleged a "use" of tangible personal property sufficient as the Act defines it. The TDCJ does not dispute that Middleton used his sweatshirt, the privacy wall, and the handrail in connection with his death, but argues that Sides has failed to allege that any TDCJ actor used these objects to

4

contribute to Middleton's death. Instead, TDCJ observes, Sides alleges that TDCJ personnel negligently afforded Middleton the means to use them.

Under the Act, a governmental entity does not "use" property by allowing someone else to use it and nothing more; rather, "use" as the Act defines it is limited to a governmental actor's use of property. *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex. 2004). Nor does the non-use of property waive immunity under the Act. *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587–89 (Tex. 2001) (holding hospital's failure to diagnose and treat an illness to be a non-use of property for which governmental immunity was not waived).

*Cowan* presented the Texas Supreme Court with facts similar to those found here. In that case, a government-operated hospital returned a patient's suspenders and walker to him after his involuntary commitment. *Cowan*, 128 S.W.3d at 245. The patient used the suspenders and walker to commit suicide. *Id.* The Texas Supreme Court held that immunity had not been waived under the Act, rejecting the plaintiff's contention that the hospital had "used" the patient's suspenders and walker by allowing the patient to use them. *Id.* at 246. Following *Cowan*, we hold that the trial court properly concluded that Sides has failed to allege a waiver of governmental immunity based on the "use" of tangible or real property.

## 2.   Condition of Tangible Personal or Real Property

Second, we examine whether Sides has alleged a defective condition of tangible personal or real property.   Sides contends that because the hooded sweatshirt, the privacy wall, and the handrail lacked safety features that would discourage suicide attempts, their defective condition caused Middleton's death, and immunity is waived.   In particular, she claims that the sweatshirt should not have had a drawstring, the privacy wall should have been lower, and the handrail should have had a metal block so that objects could not be tied to it.

Sides relies on cases in which courts found a waiver under the Act because the condition of the government property lacked an integral safety component and this defective condition contributed to the plaintiff's injury.   *See*, *e.g.*, *Lowe v. Tex. Tech Univ.*, 540 S.W.2d 297 (Tex. 1976); *Overton Mem'l Hosp. v. McGuire*, 518 S.W.2d 528 (Tex. 1975).   Sides is correct that the lack of an integral safety component in government property that causes a plaintiff's injuries can be sufficient to allege a waiver of immunity.  *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 99 (Tex. 2012); *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584–85 (Tex. 1996).   But necessary to that waiver, the allegation must be one in which the plaintiff put the property to its intended and ordinary use.  *Black*, 392 S.W.3d at 99; *see also Dallas Cty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009) (per curiam).

Sides does not allege that Middleton used the drawstring, the handrail or the privacy wall for its intended and ordinary purpose. A government actor waives immunity by providing allegedly dangerous property only if the property poses a hazard when put to its intended and ordinary use by the plaintiff. *Rusk*, 392 S.W.3d at 98–99; *Posey*, 290 S.W.3d at 872. In *Posey*, the Texas Supreme Court was asked whether a county government waived immunity by providing a telephone with exposed wires; the plaintiff's son used the wires to hang himself. *Posey*, 290 S.W.3d at 870–71. The plaintiff contended that the county should have provided a cordless telephone, and that the corded phone's condition caused her son's death. *Id.* at 871. In rejecting this argument, the Court reasoned that the intended and ordinary use of a telephone cord is not to hang oneself. *Id.* Similar to the telephone cord in *Posey*, when a drawstring and handrail are used in their intended manner, they do not present the risk associated with Middleton's death. Accordingly, we hold that the trial court correctly concluded that Sides's pleadings fail to establish a defective condition leading to Middleton's death.

### 3.    Pleading Amendments

Finally, Sides argues that the trial court erred in denying leave to amend her pleadings to establish waiver of immunity before it dismissed her case. A trial court has discretion to determine whether a jurisdictional determination should be made in a preliminary hearing or after

7

further development of the case.  *City of San Antonio v. KGME, Inc.*, 340 S.W.3d 870, 874 (Tex. App.—San Antonio 2011, no pet.).  But when the evidence raises a fact question regarding a jurisdictional issue, a trial court cannot grant the plea based on the pleadings.  *C.L. Westbrook, Jr. v. Penley*, 231 S.W.3d 389, 395 (Tex. 2007).  On the other hand, when the pleadings demonstrate an incurable jurisdictional defect, then a trial court may grant the plea to the jurisdiction as a matter of law.  *Id.*; *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

Here, it is undisputed that Middleton hanged himself from a handrail behind a privacy wall with the drawstring of a TDCJ-issued sweatshirt.  The only question is whether these undisputed facts are sufficient to allege that Middleton's death was caused by a condition or use of property by a governmental entity.  TEX. CIV. PRAC. & REM. CODE ANN. § 101.021.  Because no dispute existed as to the relevant facts, the trial court properly determined that it lacked jurisdiction as a matter of law; thus we hold that the trial court did not abuse its discretion in denying an evidentiary hearing or in refusing to afford an opportunity to amend.

**Claim for Declaratory Judgment under the Texas Constitution**

Lastly, Sides asserts a claim for declaratory judgment on the basis that TDCJ violated Middleton's rights under provisions of the Texas Constitution that prohibit cruel and unusual punishment and the deprivation of life or liberty without due process.  TEX. CONST. art. I, §§ 13, 19.  She contends that sovereign immunity does

not protect a state agency from suit for declaratory relief for a constitutional violation. In support of her position that sovereign immunity does not shield state agencies from suits for declaratory and equitable relief for constitutional violations, Sides cites *City of Beaumont v. Bouillion*. 896 S.W.2d 143, 149 (Tex. 1995). *Bouillion* involved a claim of wrongful discharge by former officers of the Beaumont Police Department. *Id.* at 144. The plaintiffs argued for recognition of an implied cause of action for damages for violations of the Texas Constitution. *Id.* at 147. The Texas Supreme Court declined to recognize the existence of a "constitutional tort" remedy. *Id.* at 149. While the court observed that the government may be sued to enjoin future unconstitutional government action, we do not read *Bouillion* to establish a waiver of immunity in declaratory judgment actions connected with claims that otherwise fall within the Tort Claims Act. While a plaintiff may sue state officials for injunctive relief through an *ultra vires* claim, *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009), state agencies themselves are immune against declaratory judgment actions absent a waiver of their immunity. *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011) (per curiam) (holding that state agencies are immune from suit under the Uniform Declaratory Judgments Act unless immunity is waived by statute).

Certain narrow exceptions to sovereign immunity exist for declaratory judgment suits. These include suits challenging the constitutional validity of a

9

statute, TEX. CIV. PRAC. & REM. CODE ANN. § 37.006 (West 2011), and suits under causes of action created by the Texas Constitution itself, *Frasier v. Yanes*, 9 S.W.3d 422 (Tex. App—Austin 1999, no pet.). However, Sides has neither challenged the validity of a statute nor cited a constitutionally-derived private cause of action. Because Sides has not directed us to a provision waiving immunity, we conclude that TDCJ is immune to her claims under the Texas Constitution.

Sides responds in her reply brief that TDCJ has waived its argument for dismissal of her constitutional claims by failing to address these claims in its briefing. A lack of subject matter jurisdiction, however, constitutes fundamental error that cannot be waived. *Whitley*, 104 S.W.3d at 542; *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).

## Conclusion

We hold that Sides's pleadings do not establish a waiver of TDCJ's immunity under the Tort Claims Act. Accordingly, we affirm the order of the trial court granting TDCJ's plea to the jurisdiction.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Bland and Huddle.